UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THEDA BANKS | CIVIL ACTION |
| VERSUS | NO. 17-193-SDD-RLB |
| C.R. BARD, INC., ET AL. | |

### ORDER

Before the Court is Plaintiff's Motion for Leave of Court and Memorandum to File First Supplemental and Amending Petition for Damages and Demand for Jury Trial ("Motion to Amend"). (R. Doc. 26). Defendants filed a Response. (R. Doc. 28).

Also before the Court are Plaintiff's Motion to Substitute Petition and Incorporated Memorandum (R. Doc. 29), Plaintiff's Motion to Substitute Petition (R. Doc. 30), Plaintiff's Motion to Strike (R. Doc. 31), and Plaintiff's Motion for Leave of Court to File Reply (R. Doc. 32). Defendants filed a single Response addressing all of the foregoing motions. (R. Doc. 33).

**I.    Background**

On or about March 6, 2017, Theda Banks ("Plaintiff") initiated this action by filing a Petition for Damages and Demand for Jury Trial in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. (R. Doc. 1-2). In the Petition, Plaintiff seeks recovery from C.R. Bard Inc. and Bard Peripheral Vascular, Inc. (collectively "Defendants") for alleged injuries sustained from Defendants' line of inferior vena cava ("IVC") filters. (R. Doc. 1-2). Defendants removed the action asserting diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1).

On April 10, 2017, this action was transferred to and consolidated with a multidistrict litigation proceeding before the Honorable David G. Campbell in the U.S. District Court for the

District of Arizona, captioned *In Re: Bard IVC Filters Products Liability Litigation*, MDL 2641 (the "MDL"). (R. Docs. 3, 4). On March 17, 2020, the MDL issued a Conditional Remand Order remanding the action to this district for further resolution. (R. Docs. 7, 8).

On May 21, 2020, Defendants sent Plaintiff a deficiency letter which, among other things, advised Plaintiff that her original Petition had asserted a number of claims barred by the Louisiana Products Liability Act (the "LPLA"). (R. Doc. 28-1). The record indicates that the parties held a conference on May 27, 2020 in which Plaintiff advised Defendants that she was not withdrawing claims asserted outside of the LPLA. (*See* R. Doc. 28-2).

On June 11, 2020, Plaintiff filed the instant Motion to Amend. (R. Doc. 26). The proposed pleading is styled as "Plaintiff's First Supplemental and Amending Complaint and Demand for Jury Trial." (R. Doc. 26-2). Paragraph 138 of the proposed pleading states the following: "Plaintiff avers that the exclusive remedy in this matter is the Louisiana Products Liability Act, LSA-R.S. 9:2800.51 *et seq.*" (R. Doc. 26-2 at 59).

While Defendants do not deny that Plaintiff has a right to "amend" her pleading under Rule 15(a)(2), Defendants are concerned that Plaintiff's styling of the proposed pleading as a "Supplemental" pleading would allow Plaintiff to pursue non-LPLA claims found in the original Petition, "including (1) fraudulent concealment, (2) corporate/vicarious liability, (3) a standalone negligence claim, (4) three separate standalone strict liability claims, (5) a negligent misrepresentation [claim], (6) a medical monitoring claim, and (6) a punitive damages claim." (R. Doc. 28 at 2-3). Defendants argue that the proposed pleading "leaves room for procedural confusion, including as to what is the operative pleading, and that the Motion for Leave seeks this Court's approval for Plaintiff to pursue claims barred by the LPLA." (R. Doc. 18 at 3-4). In short, Defendants express their concern that they will have to engage in motion practice to seek

dismissal of any LPLA claims found in the original Petition should the proposed pleading incorporate those claims. (R. Doc. 28 at 4).

Plaintiff seeks leave to file a reply brief to clarify that her proposed pleading is "to be considered the operative Petition for Damages in this matter." (R. Doc. 32 at 2-3). Should the Court grant Plaintiff's Motion to Amend, Defendants seek language specifically finding that the original pleading is struck in its entirety, the proposed pleading is the sole operative complaint in this action, and any non-LPLA claims or requests for punitive damages are dismissed and "barred as a matter of law and cannot be renewed." (R. Doc. 33 at 4).

## II.    Law and Analysis

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Having considered the record and the arguments set forth by the parties, the Court finds no substantial reason to deny Plaintiff's Motion to Amend. As stated above, Paragraph 138 of the proposed pleading states the following: "Plaintiff avers that the exclusive remedy in this matter is the Louisiana Products Liability Act, LSA-R.S. 9:2800.51 *et seq.*" (R. Doc. 26-2 at 59). The proposed pleading does not explicitly seek punitive or exemplary damages. Furthermore, Plaintiff has specifically prayed that the proposed "First Supplemental and Amending Petition for Damages" become the "operative" complaint in this matter. (R. Doc. 32 at 2). Should Plaintiff seek relief outside of the LPLA at any point in this action based on the allegations in this pleading, Defendants may file an appropriate dispositive motion.

The Court acknowledges that Plaintiff partially styles her proposed pleading a "supplemental" pleading. The Court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). It does not appear, however, that Plaintiff is seeking to plead any such transactions, occurrences, or events in the proposed pleading. At any event, the use of the word "supplemental" in the title of the pleading does not import any non-LPLA claims found in the original state court Petition. Plaintiff has clearly stated that the proposed pleading is intended to be the operative pleading.

### III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Leave of Court to File Reply (R. Doc. 32) is **GRANTED**, and Plaintiff's Reply (R. Doc. 32 at 3-4) shall be entered into the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (R. Doc. 26) is **GRANTED**, and Plaintiff's First Supplemental and Amending Petition for Damages and

Demand for Jury Trial (R. Doc. 26-1) shall be entered into the record as the operative pleading in this action. Any previously filed complaint or petition, including R. Doc. 1-2 at 3-33, is no longer in effect.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Substitute Petition and Incorporated Memorandum (R. Doc. 29), Plaintiff's Motion to Substitute Petition (R. Doc. 30), and Plaintiff's Motion to Strike (R. Doc. 31) are **DENIED AS MOOT.**

Signed in Baton Rouge, Louisiana, on July 10, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**