UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEDA BANKS                                                          CIVIL ACTION

VERSUS                                                               NO. 17-193-SDD-RLB

C.R. BARD, INC., ET AL.

## ORDER

Before the Court are the following two interrelated discovery motions filed by defendants, C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Defendants"): (1) Motion to Compel the Deposition of Plaintiff Theda Banks ("Motion to Compel") filed on March 2, 2021 (R. Doc. 52); and (2) Motion for Protective Order in Connection with Third Party Fact Depositions ("Motion for Protective Order") filed on March 10, 2021. (R. Doc. 54).[1] Defendants' Motion to Compel seeks an order compelling Plaintiff, Theda Banks ("Plaintiff") to submit to a deposition as soon as possible and prior to any other fact depositions, including those of Plaintiff's treating physicians. (R. Doc. 52-1 at 12).[2] Defendants' Motion for Protective Order seeks an order preventing Plaintiff from proceeding with the depositions of her treating physicians while Defendants' Motion to Compel is pending before the Court. (R. Doc. 54). The Court's ruling on Defendants' Motion to Compel will render moot Defendants' Motion for

---

[1] Plaintiff has filed an opposition to both motions. (R. Docs. 56 and 61).

[2] The Court notes that Defendants identify their motion as one to compel the deposition of Plaintiff, which is governed by Fed. R. Civ. P. 37. Rule 37 "allows a court to grant a motion to compel only after a party has failed to appear for a properly noticed deposition." *Robinson v. Dallas County Community College District,* No. 3:14-cv-4187-D, 2016 WL 1273900, at *2 (N.D. Tex. Feb. 18, 2016). The relief that Defendants seek, however, concerns the sequencing of depositions, which is not governed by Fed. R. Civ. P. 37. Defendants' relief is instead governed by Fed. R. Civ. P. 26(d)(3), which allows a court to determine the sequence of discovery for the convenience of the parties, the witnesses, and the interests of justice. *Heller v. City of Dallas,* 303 F.R.D. 466, 493 (N.D. Tex. 2014) (explaining that "[r]ule 26(d) generally governs the sequencing of discovery"); *see also Blackmon v. Bracken Construction Company, Inc.,* 18-CV-142, 2020 WL6065520, at *3 (M.D. La. Oct. 14, 2020) ("the Court may order that discovery proceed in a particular sequence for the parties' and witnesses' convenience and in the interest of justice") (quoting Fed R Civ. P. 26(d)(3) (internal quotation marks omitted).

Protective Order. Therefore, the Court will only address the arguments set forth in Defendants' Motion to Compel, as well as the supporting and opposing memoranda.

## I.     BACKGROUND

On or about March 6, 2017, Plaintiff initiated this action by filing a Petition for Damages and Demand for Jury Trial (the "Petition") in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. (R. Doc. 1-2). In the Petition, Plaintiff seeks recovery from Defendants for alleged injuries sustained from Defendants' line of inferior vena cava ("IVC") filters. (R. Doc. 1-2). Defendants removed the action asserting diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1).

On April 10, 2017, this action was transferred to and consolidated with a multidistrict litigation proceeding before the Honorable David G. Campbell in the U.S. District Court for the District of Arizona, captioned *In Re: Bard IVC Filters Products Liability Litigation*, MDL 2641 (the "MDL"). (R. Docs. 3, 4). On March 17, 2020, the MDL issued a Conditional Remand Order (the "Remand Order") remanding the action to this district for further resolution. (R. Docs. 7, 8).

According to the Remand Order, all common fact discovery has been completed "except for preservation depositions for certain witnesses who will not be traveling to testify live at the trials of remanded and transferred cases." (R. Doc. 52-3 at 9). Accordingly, courts receiving cases on remand "need not be concerned with facilitating general fact discovery." (*Id.*).

On October 28, 2020, the Court issued a Case Management Order ("CMO"), limiting discovery to case-specific discovery not covered by Plaintiff's and Defendants' Fact Sheets. (R. Doc. 40 at 2, n.4). The deadline to compete all discovery except experts is June 11, 2021. (*Id.* at 2).

In June 2020, prior to the issuance of the Court's CMO, Plaintiff requested Defendants' availability for the months of August and September 2020, so that she could notice the depositions of her treating physicians. (R. Doc. 56-1). Defendants objected to Plaintiff's request on the grounds that it "is inappropriate to proceed with treater depositions before Plaintiff's deposition." (R. Doc. 52-1 at 8).

On January 14, 2021, Defendants requested Plaintiff's availability to be deposed in February 2021. (R. Doc. 52-4 at 2). On January 26, 2021, Defendants again contacted Plaintiff to ascertain her availability. (R. Doc. 52-5 at 4). In response to Defendants' January 26, 2021 correspondence, Plaintiff stated that her treating physicians should be deposed first and advised Defendants that she will provide the treating physicians' availability once ascertained. (*Id.* at 3). Defendants reiterated their objection to deposing the treating physicians first and requested Plaintiff's availability for a meet and confer. (*Id.* at 2).

On February 25, 2021, Plaintiff and Defendants met and conferred to discuss their disagreements on the sequence of depositions. (R. Doc. 52-1 at 8). The parties were unable to reach a resolution without judicial intervention. (*Id.*). As a result, Defendants filed the instant Motion to Compel.

In support of their motion, Defendants contend that proceeding with third-party depositions first will prevent them "from discovering key information from Plaintiff" that will determine the "other sources of discovery" Defendants might need, the other discovery requests Defendants should propound," the fact witnesses they should depose, and "other information that will dictate the case-specific expert discovery" of this case. (*Id.* at 4). Moreover, delaying the deposition of Plaintiff will likely require the reopening of previously held depositions. (*Id.* at 10).

In opposition, Plaintiff argues that Defendants have all the relevant information to depose her treating physicians, as she has already provided the Plaintiff's Fact Sheet, Initial Disclosures, and authorizations for medical records. (R. Doc. 56 at 2). Accordingly, she should be able to proceed with the depositions of her treating physicians first.

## II. LAW AND ANALYSIS

### A. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defenses." A relevant discovery request seeks information that is "either admissible or reasonably calculated to lead to the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1484 (5th Cir. 1990) (quoting Fed. R. Civ. P. 26(b)(1)). Nonetheless, a party may withhold otherwise discoverable information based on privilege, Fed. R. Civ. P. 26(b)(1), but it must expressly make the claim and describe the nature of the document being withheld. Fed. R. Civ. P. 26(b)(5). The rules governing discovery are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979).

"Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). The principle effects of" Rule 26(d)(3) "are first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by an order issued in a particular case." Advisory Notes to

Fed. R. Civ. P. 26(d), 1970 Amendments. "The priority rule developed by some courts, which confers priority on the party who first serves notice of taking a deposition, is unsatisfactory." *Id.*

### B. Analysis

The issue is whether the convenience of the parties, the witnesses, and the interests of justice would be best served by compelling Plaintiff to submit to a deposition prior to taking the depositions of her treating physicians. Having considered the Motion to Compel and the submissions of the parties, the Court agrees with Defendants in that deposing the treating physicians first will not only inconvenience the parties and witnesses, but also prejudice Defendants' ability to defend the claims against it.

First, it does not appear that the parties are prepared to depose the treating physicians first. Plaintiff requests to depose "2-3 primary treating doctors before Plaintiff's deposition is scheduled," (R. Doc. 56 at 3), but she has only provided the availability of one treating physician—Dr. Glen Schwartzberg, who indicated that he would be available April 1, 2021 for his deposition. (R. Doc. 56-2 at 2). This date, however, has passed, and therefore, the availability of each treating physician is uncertain. Moreover, in her July 10, 2020 correspondence to Defendants, Plaintiff represented that "if [Defendants] do not receive" Plaintiff's medical records "in a timely manner before the depositions of her treating physicians," Plaintiff will "work with [Defendants] to find other available deposition dates." (R. Doc. 56-1 at 2). By Plaintiff's own admission, Defendants have only received "some" medical records. (R. Doc. 56 at 2). Therefore, the depositions of the treating physicians are not ripe to proceed. Conversely, Plaintiff has not pointed to any barrier that would impede her ability to submit to a deposition promptly.

Furthermore, the Court agrees that requiring the physicians to be deposed first effectively postpones Plaintiff's deposition indefinitely and therefore hinders Defendants' ability to

ascertain information that will establish the framework for further fact discovery. Similarly, if Plaintiff's deposition reveals new information, the physicians' depositions may need to be reopened. Given the generally busy schedule of non-party physicians, it is uncertain that subsequent depositions will be scheduled in an efficient manner, such that it will not delay the progression of discovery or inconvenience the parties and physicians.

Accordingly, the Court concludes that compelling Plaintiff to submit to a deposition before deposing her treating physicians best serves the convenience of the parties, witnesses, and the interest of justice.

### III.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Compel the Deposition of Plaintiff Theda Banks (R. Doc. 52) is **GRANTED**. The deposition of Plaintiff Theda Banks shall take place within **30 days** of the date of this Order, or as otherwise agreed upon by the parties. Additional depositions, including those of non-party physicians, may proceed following plaintiff's deposition.

**IT IS FURTHER ORDERED** that Defendants' Motion for a Protective Order in Connection with Third Party Fact Deposition (R. Doc. 54) is **DENIED AS MOOT.**

Signed in Baton Rouge, Louisiana, on April 9, 2021.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE