# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

THEDA BANKS

VERSUS

C.R. BARD, INC. AND
BARD PERIPHERAL VASCULAR, INC.

CIVIL ACTION

17-193-SDD-RLB

## ORDER

Before the Court is the *Motion for Continuance of Trial*[1] filed by Plaintiff Theda Banks ("Banks"). An *Opposition*[2] was filed by C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants"). For the following reasons, the *Motion* is denied.

Trial in this case is set for January 9, 2023. Plaintiff is currently represented by Pamela Carter, who is lead counsel, Joshua Mankoff, Linda Gonzales, and Ramon Lopez. In the instant *Motion*, Plaintiff moves for a continuance of the trial date due to Mr. Lopez "being prescribed medical treatment starting in October that will interfere with his ability to prepare for and participate in the trial as scheduled."[3] Anticipating that Mr. Lopez "will be available for pre-trial work in May," Plaintiff requests a continuance of the trial date until June 2023.[4] Defendants oppose the *Motion*, arguing that Plaintiff has other counsel of record who can effectively try the case in Mr. Lopez's absence.

Federal district courts have the inherent power to enforce their scheduling orders, and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Whether to grant or deny a

---

[1] R. Doc. 128.
[2] R. Doc. 144.
[3] R. Doc. 128-1.
[4] *Id.*

continuance is within the sound discretion of the trial court.[5] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[6]

Movant has presented a Declaration of Mr. Lopez and medical records which the Court has carefully reviewed and considered in camera. While the Court is sympathetic with Mr. Lopez and finds that his medical condition is likely to prevent his active participation in the remaining trial preparation endeavors, the Court declines to grant the continuance requested, for the reasons which follow.

"[A]ttorney illness can constitute extraordinary circumstances warranting a continuance."[7] However, it must appear that the particular counsel is "necessary to the proper presentation of the cause or defense" and that there is "no time or opportunity to employ other counsel."[8] The Fifth Circuit has affirmed a trial court's grant of continuance where the delay requested was brief and no other attorney was prepared to try the case.[9]

That is not the case here. Plaintiff requests a continuance of at least 5 months, and her request comes not on the eve of trial but with months left to prepare. Further, Plaintiff has at least two other attorneys of record who are capable of trying this case. Pamela Carter has been lead counsel for Plaintiff since suit was filed in March 2017 and has taken an active role in litigating this case. She is further assisted by Mr. Mankoff and, together, they have demonstrated a sound understanding of the relevant law and facts of

---

[5] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).
[6] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).
[7] 17 C.J.S. Continuances § 51.
[8] *Id.*
[9] *Smith-Weik Mach. Corp. v. Murdoch Mach. & Eng'g Co.*423 F.2d 842 (5th Cir. 1970).

this case, filing numerous motions *in limine* and *Daubert* motions.[10] Nevertheless, if Plaintiff's attorneys find themselves in need of further assistance, there is sufficient time for counsel to bring on additional co-counsel for the January 2023 trial.

In view of these facts, Plaintiff has not shown that she will be prejudiced by Mr. Lopez's absence at trial. The Court finds that Defendants' interest in obtaining a prompt resolution of this matter outweighs Plaintiff's desire to proceed with all the counselors of her choice, especially when, as here, the other lawyers for the Plaintiff have demonstrated skill and familiarity with the claims.

**IT IS HEREBY ORDERED** that the Plaintiff's *Motion for Continuance of Trial* is DENIED.

Signed in Baton Rouge, Louisiana the 2nd day of November, 2022.

_____

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[10] *See* R. Docs. 131, 132, 133, 134, 135.