# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

THEDA BANKS

VERSUS

C.R. BARD, INC. AND
BARD PERIPHERAL VASCULAR, INC.

CIVIL ACTION

17-193-SDD-RLB

# RULING

Before the Court is the *Motion to Strike or Otherwise Exclude Certain Opinions of Derek D. Muehrcke*[1] filed by Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants"). An *Opposition*[2] was filed by Plaintiff Theda Banks ("Banks"), to which Defendants filed a *Reply*[3] and *Supplemental Memorandum*[4]. For the following reasons, the *Motion* is granted in part and denied in part as set forth below.

## I.     Background

This is a products liability action that was remanded to this Court for a Plaintiff-specific trial from the multidistrict litigation captioned *In re: Bard IVC Filters Products Liability Litigation*, MDL 2641, in the United States District Court for the District of Arizona. (the "MDL").[5]

Plaintiff brings this action for personal injuries suffered after being implanted with an Inferior Vena Cava ("IVC") filter medical device manufactured by Defendants. An IVC filter is a device that is designed to filter or "catch" blood clots that travel from the lower portions of the body to the heart and lungs.

---

[1] Rec. Doc. 95.
[2] Rec. Doc. 107.
[3] Rec. Doc. 118.
[4] Rec. Doc. 181.
[5] *See In re Bard IVC Filters Prod. Liab. Litig.*, No. MDL 15-02641-PHX DGC, 2018 WL 495188 (D. Ariz. Jan. 22, 2018).

1

Dr. Muehrcke is a cardiothoracic surgeon retained by the Plaintiff to give opinion testimony. Dr. Muehrcke produced a Rule 26 report in the MDL[6] and produced a Rule 26 report in this matter.[7]

Defendant's move to strike or alternatively to exclude Dr. Muehrck's opinions that the Defendants argue are "generic, non-case specific opinions" which the Defendants argue are "expanded versions of opinions previously excluded in the MDL". Defendants further argue that Dr. Muehrcke is not qualified to offer these opinions and urge that his opinions are unreliable. Citing to the MDL Court's Ruling on Bard's Motion to Exclude Dr. Muehrcke's Opinions,[8] Defendants argue the law of the case doctrine requires striking certain opinions by Dr. Muehrcke.

Plaintiff argues that Dr. Muehrcke's opinions, as reflected in his expert report in this case, are neither "general" nor "new". Rather, Plaintiff characterize Dr. Muehrcke's report in this case as "expanded" and argue that it is an updated discovery response under Rule 26(e) and Bard has not shown prejudice. In response, Bard argues that the Plaintiff's counsel has conceded in other litigation that a substantially similar report by Dr. Muehrcke was "generic".

The Court has considered the Memoranda and the evidence submitted by the parties. The Court finds the record regarding Dr Muehrcke's opinions well developed. Accordingly, the Court does not require oral argument, or a hearing and Bard's *Motion for Oral Argument* is Denied.

---

[6] His report was used in the five cases selected for bellwether trials. *See In re Bard IVC Filters Prod. Liab. Litig.*, 2018 WL 495188, at *1.
[7] Rec. Doc. 95-5.
[8] *See In re Bard IVC Filters Prod. Liab. Litig.*, 2018 WL 495188.

**II.    Law and Analysis**

Muehrcke's report[9] contains a mix of general and case-specific opinions. As to the generic opinions, this Court will adopt and follow the MDL Court's Ruling on Bard's Motion to Exclude Dr. Muehrcke.[10] Defendants argue that Muehrcke is not qualified to offer these opinions and urge that his opinions are unreliable. Dr. Muehrcke is a board-certified cardiothoracic surgeon, with 24 + years of practice experience. He completed training in his specialty Harvard Medical School, trained and completed fellowship programs at the Cleveland Clinic. Dr. Muehrcke has implanted and removed hundreds of IVC filters including the Bard G2 at issue in this case. The Court finds that Dr. Muehrcke is qualified by education and experience to offer opinions regarding the implantation and removal of IVC filters and specifically the Bard G2 filter at issue herein.[11]   The Court will address specific challenges to qualifications and reliability in the context of the specific opinions challenged.

**A.  Defective Design**

Dr. Muehrcke will not be permitted to give product design related opinions. In this case, Dr. Muehrcke opines that "Ms. Banks Bard G2 filter failed by caudally migrating, perforating her IVC and tilting."[12] He states that he "could not find any deployment or post deployment reasons for her filter to fail."[13] However, he goes too far in opining that "there is no cause of these failures other than the design defects described by Dr. McMeeking."[14]

---

[9] Rec. Doc. 95-5.
[10] *See In re Bard IVC Filters Prod. Liab. Litig.*, 2018 WL 495188.
[11] Fed. R. Evid. 702.
[12] Rec. Doc. 95-5, p. 25
[13] *Id.*, p. 13.
[14] *Id.*, p. 25.

This Court agrees with the MDL Court that "[a]s a trained and experienced thoracic surgeon who regularly uses IVC filters and engages in differential diagnoses, [Muehrcke] is qualified to opine on factors that caused a filter's failure", in this case by caudally migrating and tilting.[15] However, Muehrcke will not be permitted to give opinions that address alleged design defects. Dr. Muehrcke "is not qualified to offer design related opinions because he has never designed or tested an IVC filter and has no background in engineering, metallurgy, or materials science."[16] The basis for his conclusion that "there is no cause of these failures other than design defects" is mere parroting of other experts and will not be permitted.

### B. Inadequate Warnings

Dr. Muehrcke opines that Bard failed to provide "adequate warnings that the G2 filter was migrating, perforating, and tilting at high rates" and that "Bard did not adequately warn physicians, including Ms. Banks's implanting physician, of important safety risks and issues associated with the G2 filter of which it was aware."[17] The plaintiff in this case was the recipient of a Bard G2 series filter. Hence the warnings given or allegedly not given as to the G2 series are case specific opinions. In reaching his opinion in this case, Muehrcke relied, in part, upon internal Bard documents, Plaintiff concedes that "a small minority of [reliance] documents have been added in the intervening years, but the inclusion of more documents that were discovered during the pendency of the MDL, are additional bases for Dr. Muehrcke's opinions and should be permitted."[18] The Court is persuaded that "in rendering a case-specific opinion about this issue relative to

---

[15] *In re Bard IVC Filters Prod. Liab. Litig.*, 2018 WL 495188, at *3.
[16] *Id.* at 2.
[17] Rec. Doc. 95-5, pp. 23, 25
[18] Rec. Doc. 107, p. 8.

4

the information available to Defendants and to doctors before Ms. Banks was injured by her filter, is entitled to rely on the information discovered during the MDL."[19] Information specific to the G2 series implanted in Banks, that existed before Banks surgery, and that comprised discovery in the MDL, is proper reliance material to inform Dr. Muehrcke's opinions in this case. The Court agrees that Muehrcke "can only evaluate the adequacy of the warnings at the particular point in time that Ms. Banks' filter was inserted with reference to Defendants' state of knowledge at that time."[20]

The Court finds that Dr. Muehrcke is qualified to render opinions about what a reasonably prudent physician may expect about Bard's series G2 filter' warnings. As found by the MDL Court:

> Defendants do not dispute that Dr. Muehrcke is a well-qualified cardiothoracic surgeon. During the past 20 years, he has implanted and removed hundreds of IVC filters, including those manufactured by Bard. . . . Dr. Muehrcke has sufficient knowledge and experience to offer his opinion as to the information reasonable physicians expect to receive from IVC manufacturers, and whether physicians who implant IVC filters reasonably expect a properly implanted filter to tilt, perforate the IVC, or fracture and migrate to neighboring organs.[21]

**C. Failure Rates, Testing, and Bard's knowledge, intent and ethics**

Plaintiff states that Dr. Muehrcke "will not opine as to "filter failure rate, the design or engineering of Bard filters as a general matter, whether the risk Bard took by marketing the filters was 'unacceptable,' or as to Bard's knowledge, intent, ethics, or internal operations."[22] Hence, Defendants Motion as to these points is moot.

---

[19] *Id.*
[20] Rec. Doc. 107
[21] *In re Bard IVC Filters Prod. Liab. Litig.*, 2018 WL 495188, at *4.
[22] Rec. Doc. 107, p. 6.

### III.     Conclusion

In summary, Dr. Muehrcke will be permitted to give opinions regarding the warnings physicians could have expected from Bard as of the date that Banks received a Bard IVC filter. Dr. Muehrcke may opine as to the specific failure encountered by Banks. Dr. Muehrcke will not be permitted to opine as to the mechanical or design reasons for the failure of Bank's IVC filter. Dr. Muehrcke will not be permitted to opine as to filter failure rates, the design or engineering of Bard filters, whether the risk Bard took by marketing the filters was 'unacceptable,' or as to Bard's knowledge, intent, ethics, or internal operations. Defendants' *Motion to Strike or Otherwise Exclude Certain Opinions of Derek D. Muehrcke*[23] is hereby GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, this day, November 28, 2022.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[23] Rec. Doc. 95.