UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEDA BANKS

VERSUS

C.R. BARD, INC. AND
BARD PERIPHERAL VASCULAR, INC.

CIVIL ACTION

17-193-SDD-RLB

### RULING

Before the Court is the *Motion for Clarification*[1] filed by Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants"). Defendants seek clarification of the Court's November 28, 2022, *Ruling*[2] disposing of Bard's *Motion to Strike or Otherwise Exclude Certain Opinions of Derek D. Muehrcke*.[3] The Court grants the pending *Motion* and provides clarification as follows.

**I.    LAW & ANALYSIS**

The Federal Rules are silent on motions to clarify; nevertheless, District courts "possess the inherent procedural authority to [clarify a prior order] for causes seen by it to be sufficient."[4] Defendants ask the Court to clarify two issues raised in their *Motion to Strike* that were not explicitly addressed by the Court.

A.    <u>Dr. Muehrcke's Opinions Regarding the Adequacy of the G2 IFU</u>

First, Defendants ask the Court to clarify whether Dr. Muehrcke may offer opinions regarding the adequacy of the G2 filter's instructions for use ("IFU). In its *Ruling*, the Court held that Dr. Muehrcke "is qualified to render opinions about what a reasonably prudent

---

[1] Rec. Doc. 191.
[2] Rec. Doc. 184.
[3] Rec. Doc. 95.
[4] *Colli v. So. Methodist Univ.*, No. 3:08-CV-1627-P, 2011 U.S. Dist. LEXIS 92073, at *2 (N.D. Tex. Aug. 17, 2010) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

physician may expect about Bard's series G2 filter' warnings."[5] The Court did not expressly state that Dr. Muehrcke could speak to the IFU's adequacy, although in its summary judgment *Ruling*, the Court relied on portions of Dr. Muehrcke's opinion criticizing the IFU.[6]

Defendants move to exclude Dr. Muehrcke's IFU opinions because "they merely "parrot"—in many instances, copying almost verbatim—opinions of a different MDL expert named Dr. Darren Hurst."[7] Defendants also argue that Dr. Muehrcke's "physician expectations" opinions are "different than opinions regarding the adequacy of an IFU, which is reviewed and regulated by FDA."[8] That is, "while Dr. Muehrcke may be qualified to offer opinions about what he, as a physician who uses IVC filters, may expect from a medical device manufacturer, that is much different than opining on what a manufacturer can or cannot include in its IFU."[9]

As stated in the Court's *Ruling,* Dr. Muehrcke may not parrot the testimony of other experts.[10] However, to the extent he uses his own words and analysis, Dr. Muehrcke is allowed to testify as to the adequacy of the IFU. Although Dr. Muehrcke may not have drafted an IFU or referred to himself as an IFU expert, he has encountered IFUs in the course of his work as a cardiothoracic surgeon who, for the last 24 years, has routinely implanted and removed IVC filters.[11] Defendants attempt to create a distinction between opinions regarding "physician expectations" and opinions regarding the adequacy of an

---

[5] Rec. Doc. 184, p. 5.
[6] Rec. Doc. 188, p. 13 ("The Bard G2 IFU was inadequate for physicians' use in medical decision making and the consenting of the patient.")
[7] Rec. Doc. 191, p. 1.
[8] *Id.*, p. 2.
[9] *Id.*
[10] Rec. Doc. 184, p. 4.
[11] Rec. Doc. 100-14, p. 4.

IFU. But the adequacy of an IFU or any other warning under Louisiana law is inextricably intertwined with a physician's expectations.[12] Thus, Dr. Muehrcke may speak to the IFU's adequacy at trial.

### B. Dr. Muehrcke's Opinion Regarding Plaintiff's Painful Intercourse

In their *Motion to Strike,* Defendants moved to strike Dr. Muehrcke's opinion regarding Plaintiff's alleged painful sexual intercourse. Because the Court did not address this argument, Defendants ask for a ruling on this matter in the first instance. Defendants contend that Dr. Muehrcke is a cardiothoracic surgeon and is not qualified to opine as to the cause of Plaintiff' abdominal pain. When asked about the basis and reason for this opinion, Dr. Muehrcke testified "I can't fully explain it. You would have to talk to a gynecologist about that."[13] He further testified "that's kind of out of my area of expertise. I would defer to a gynecologist for that."[14] Defendants' argument is convincing. Because Dr. Muehrcke has no provided no basis for his opinion, he is precluded from linking Plaintiff's G2 filter to her painful intercourse or inability to participate in sexual activities.[15]

## II.    CONCLUSION

For the foregoing reasons, Defendants' *Motion for Clarification*[16] is GRANTED. The Court's *Ruling* is supplemented with the reasoning and conclusions herein. This order does not alter or amend the substance of the previous *Ruling*, its findings or conclusions of law.

---

[12] *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 268 (5th Cir. 2002).
[13] Rec. Doc. 101-13 at 80:2.
[14] *Id.* at 80:6-7.
[15] *See, e.g.*, *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016) ("An expert witness's testimony should be excluded if the district court finds that the witness is not qualified to testify in a particular field or on a given subject." (internal quotation marks and citation omitted)).
[16] Rec. Doc. 191.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, this day, December 15, 2022.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**