UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEDA BANKS

VERSUS

C.R. BARD, INC. AND
BARD PERIPHERAL VASCULAR, INC.

CIVIL ACTION

17-193-SDD-RLB

**RULING**

Before the Court is the *Motion in Limine to Exclude Testimony and Evidence of Reported Bard IVC Filter Fractures*[1] filed by Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard" or "Defendants"). An *Opposition*[2] was filed by Plaintiff Theda Banks ("Banks" or "Plaintiff"), to which Defendants filed a *Reply*.[3]

## I. FACTUAL BACKGROUND

This is a products liability action that was remanded to this Court for a Plaintiff-specific trial from the multidistrict litigation *captioned In re: Bard IVC Filters Products Liability Litigation*, MDL 2641, in the United States District Court for the District of Arizona (the "MDL").[4]

Banks brings this action for personal injuries suffered after being implanted with an Inferior Vena Cava ("IVC") filter medical device manufactured by Bard. An IVC filter is a device that is designed to filter or "catch" blood clots that travel from the lower portions of the body to the heart and lungs. On October 29, 2007, Banks was implanted with a

---

[1] Rec. Doc. 130.
[2] Rec. Doc. 153.
[3] Rec. Doc. 169.
[4] *See In re Bard IVC Filters Prod. Liab. Litig.*, No. MDL 15-02641-PHX DGC, 2018 WL 495188 (D. Ariz. Jan. 22, 2018).

1

Bard IVC filter known as the G2.[5] Banks's filter remained in place without known complication until March 2016, when it failed by severely tilting, migrating downward, and perforating her IVC wall, as well as her pancreas and aorta.[6]

Before that, in 2002, the FDA cleared the Recovery filter, Bard's first-generation retrievable filter, for commercial marketing, which was marketed from 2003 to 2005.[7] Banks seeks to admit evidence of filter fracture of both the G2 and Recovery IVC filter.[8] Banks, however, did not experience filter fracture and was not implanted with a Recovery Filter. Banks's injuries were caused by the G2 filter tilting, migration, and perforation.[9] Banks's surgeon, Dr. Schwartzberg, stated there were "no obvious fractures seen" in imaging taken before the removal of the filter.[10] Banks's expert, Dr. Muehrcke, also did not identify fracture as a cause of Banks's injuries in his report or deposition.[11]

Bard moves to exclude evidence of other filter fracture. Bard argues fracture evidence is irrelevant and unduly prejudicial because it is not substantially similar to the product failure at issue. Banks responds that the evidence is necessary to show Bard's knowledge that the filter is unsafe and the reasonableness of Bard's conduct.

## II.    ARGUMENTS

Defendants move to exclude all evidence regarding filter fracture arguing that "filter fracture is neither substantially nor reasonably similar to the tilting/migration filter failure experienced by the plaintiff; is irrelevant because fracture is not the characteristic of the

---

[5] Stipulated to by parties. Rec. Doc. 106, p. 6.
[6] Rec. Doc. 95-6, p. 12.
[7] *Id.* at p. 15.
[8] Banks provides different instances of filter fracture injury in their exhibit list. Rec. Doc. 125-1.
[9] Rec. Doc. 95-6, p. 12.
[10] Rec. Doc. 100-23, pp. 21, 23, 26.
[11] Rec. Doc. 106, p. 22 ¶ 39.

product which allegedly caused plaintiff's injuries; and evidence of filter fracture would be more prejudicial than probative.[12]

Bard contends Banks can neither show the "same complication nor the same experience" as other patients who suffered filter fracture thus fracture evidence is irrelevant.[13] Banks's injuries were caused by filter migration, and the only "fracture" that occurred was during the extraction procedure when the struts of the IVC filter were cut.[14]

Bard argues that, even if offered for notice, fracture evidence is irrelevant. Fracture evidence is not substantially or reasonably similar to the failure of the G2 failure that Banks experienced.[15] Bard reiterates that fracture evidence is not offered solely for notice but also dangerousness, so the risk of confusion to the jury would be unfairly prejudicial.[16] In an effort to take the wind out of the sails of Banks's argument, Bard states that it "does not contest in this case its 'notice' of potential for a G2, like all IVC filters, to fracture."[17]

Banks responds[18] by arguing that filter fractures are one of the "unknown and unwarned-of risks that doctors balance when deciding whether to use the filter."[19] Both the safety and adequacy of the G2 filter are at issue, and the jury would be unable to evaluate the risks properly without the evidence of fractures.[20] Banks also argues that fracture evidence will be used to contest Bard's assertions that the G2 filter saves lives.[21]

---

[12] *Id.*
[13] I*d.* at p. 6.
[14] Rec. Doc. 101-3, p. 3.
[15] Rec. Doc. 95-6, p. 12.
[16] Rec. Doc. 130-1, p. 7.
[17] *Id.*; *See also* Rec. Doc. 169, p. 4.
[18] Rec. Doc. 153.
[19] *Id.* at p. 1.
[20] *Id.*
[21] *Id.*

3

Banks argues that fracture evidence is relevant to prove the reasonableness of Bard's conduct, safer alternative design, and causation.[22]

Banks claims that substantial similarity is not required as fracture evidence will not be used to show propensity of the G2 filter to perforate or migrate. Instead, the lesser showing of reasonable similarity should be used "for purposes of proving other accidents in order to show defendants' awareness of a dangerous condition…."[23]

Bard replies[24] that Banks fails to meet her burden to show substantial or reasonable similarity between filter fracture and filter perforation or migration.[25] Bard also contends that under 5th Circuit law, Banks "must show… substantial similarity" before "evidence of other [incidents] is offered for any purpose other than to show notice…."[26] Bard argues that Banks cannot meet even a reasonable similarity standard required to admit filter fracture evidence to show notice.[27] Bard argues that Banks's injury must be proximately caused *by the characteristic of the product that made the product unreasonably dangerous* for evidence of the unreasonably dangerous characteristic to be relevant.[28] Finally, Bard contends that filter fracture evidence is unfairly prejudicial under Federal Rule of Evidence 403.[29]

---

[22] *Id.* at p. 3.
[23] Banks intends to use filter fracture evidence to prove notice. *Id.*
[24] Rec. Doc. 169.
[25] *Id.*
[26] *Id.* at p. 2 (citing *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579-580 (5th Cir. 1993) (emphasis added); accord *Olivier v. Exxon Mobil Corp.*, No. 18-CV-568-SDD-EWD, 2022 WL 3010691, at *3 (M.D. La. July 29, 2022) (Dick, C.J.).
[27] *Id.* at pp. 2-3.
[28] *Id.* at p. 5 (citing *Couturier v. Bard Peripheral Vascular, Inc.*, 548 F. Supp. 3d 596, 606 (E.D. La. 2021) (emphasis added)).
[29] *Id.* at p. 7.

## III. LAW AND ANALYSIS

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 402 states, "Irrelevant evidence is not admissible."[30] Rule 403 provides that relevant evidence may nevertheless be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[31] The Fifth Circuit has held that, "[w]hen evidence of other accidents or occurrences is offered for any purpose other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are 'closely similar' to the facts and circumstances at issue"—otherwise known as "the 'substantial similarity' requirement for admissibility."[32] In the Fifth Circuit, "[t]he question of admissibility of substantially similar accidents is necessarily determined on a case-by-case basis, with consideration to be given to any number of factors, including the product or component part in question, the plaintiff's theory of recovery, the defenses raised by the defendant, and the degree of similarity of the products and of the other accidents."[33]

Although the bellwether trials involved filter fracture, in other Bard IVC filter remanded cases, courts applying the substantial similarity standard have excluded evidence of IVC filter complications that plaintiffs did not experience. In *Heath v. C.R.*

---

[30] Fed. R. Evid. 402.
[31] Fed. R. Evid. 403.
[32] *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579-580 (5th Cir. 1993); accord *Olivier v. Exxon Mobil Corp.*, No. 18-CV-568-SDD-EWD, 2022 WL 3010691, at *3 (M.D. La. July 29, 2022) (Dick, C.J.).
[33] *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 426 (5th Cir. 2006).

*Bard Inc.*, the court held that when the plaintiff's cause of injury was migration, the plaintiff should not "present evidence of Bard filters' tendency to fracture, tilt, and/or perforate the IVC."[34] In *Couturier v. Bard Peripheral Vascular, Inc.*, the Louisiana Eastern district court excluded all alleged complications of filters other than the complication exhibited by the filter at issue.[35]

The circumstances in this case vary greatly from cases in which filter fracture was at issue. As explained by Banks's own expert, Dr. Muehrcke, Banks suffered damages caused by the G2 filter tilting, migration, and perforation.[36] Banks has presented no evidence of filter fracture. The Court finds that fracture is neither substantially nor reasonably similar to filter tilt, migration, and perforation experienced by Banks. To prevail under an LPLA claim, Banks must establish that her "injury was proximately caused by a characteristic of the product" and that it was "this characteristic [that] made the product unreasonably dangerous."[37] Banks did not experience filter fracture. The Court finds that evidence of filter fracture is irrelevant and inadmissible.

"Moreover, even when a substantial similarity of circumstances is established, the district court has broad discretion to exclude such evidence under Rule 403 of the Federal Rules of Evidence."[38] The Court finds that the probative value of the fracture evidence is substantially outweighed by the risk of juror confusion and provoking emotional decision making by the jury.[39] The probative value of filter fracture evidence is minimal, while the

---

[34] No. 19-CV-0803, 2021 WL 4441211, at *3 (M.D. Tenn. Sept. 28, 2021).
[35] No. 19-CV-12497, 2021 WL 3187368, at *3 (E.D. La. July 28, 2021).
[36] Rec. Doc. 95-6, p. 12.
[37] *Couturier v. Bard Peripheral Vascular, Inc.*, 548 F. Supp. 3d 596, 606 (E.D. La. 2021) (citations omitted).
[38] *Johnson*, 988 F.2d at 579.
[39] *See U.S. v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007) ("one purpose of Rule 403 is to prevent evidence from inducing decision on a purely emotional basis").

6

risk of confusing the jury and emotional bias is high. Accordingly, the evidence of filter fracture is inadmissible to support Banks's claims as it is unfairly prejudicial.

## IV. CONCLUSION

For the foregoing reasons, Banks is not permitted to offer evidence of filter fracture for any purpose, including to show notice. Defendants' *Motion in Limine to Exclude Testimony and Evidence of Reported Bard IVC Filter Fractures*[40] is GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, this day, March 14, 2023.

*/s/ Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[40] Rec. Doc. 130.